## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT L. ROSEBROCK,<br>575 S. Barrington Avenue<br>Los Angeles, CA   90049-4317, | )<br>)<br>)<br>) | Civil Action No. |
| and | ) | |
| | ) | |
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC   20024, | )<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>810 Vermont Avenue NW<br>Washington, DC   20420, | )<br>)<br>)<br>) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs Robert L. Rosebrock and Judicial Watch, Inc. bring this action against the U.S.

Department of Veterans Affairs to compel compliance with the Freedom of Information Act, 5

U.S.C. § 552 ("FOIA") and the Privacy Act, 5 U.S.C. § 552a ("Privacy Act").   As grounds

therefor, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Robert L. Rosebrock is a citizen and resident of the State of California and resides at 575 S. Barrington Avenue, Los Angeles, CA   90049-4317.

4.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.   Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.   As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.   Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

5.      Defendant U.S. Department of Veterans Affairs ("VA" or "Defendant") is an agency of the United States Government headquartered at 810 Vermont Avenue NW, Washington, DC   20420.   Defendant has possession, custody, and control of records to which Plaintiffs seek access.

## STATEMENT OF FACTS

6.      On May 5, 2017, Plaintiffs jointly submitted a FOIA request and Plaintiff Rosebrock submitted a Privacy Act request to the VA asking that the VA's Office of the Executive Secretary ("OSVA") and other components of the VA Central Office ("VACO") produce "all records concerning Robert L. Rosebrock" within twenty (20) working days.   The request stated that Plaintiffs "are particularly interested in any directions or instructions given by OSVA and/or other components of VACO to any U.S. Department of Veterans Administration police or other officials at the Greater Los Angeles Health Care System in Los Angeles, California to cite, detain, or arrest Mr. Rosebrock for any alleged violation of 38 C.F.R. § 1.218."

The time frame of this request was identified as "January 1, 2015 to the present."   The request was submitted by email via Defendant's email FOIA portals, OSVAFOIA@va.gov and VACOFOIAservice@va.gov.

7.     By letter dated May 15, 2017, Defendant acknowledged receiving Plaintiffs' request on May 5, 2017 and advised Plaintiffs that the request had been "forwarded to the VA's Office of the Executive Secretary and VISN 22-VA's Greater Los Angeles Health Care System." The letter also stated that the request had been assigned tracking number 17-07078-FP in the VA's Office of Executive Secretary and tracking number 17-067262-FP in the VISN22-VA Greater Los Angeles Health Care System.

8.     As of the date of this Complaint, Plaintiffs have received no further communication from Defendant about their FOIA request.   Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production under FOIA; (ii) notify Plaintiffs of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings under FOIA; or (iii) inform Plaintiffs that it may appeal any adequately specific, adverse determination under FOIA.

9.     Defendant also has failed to respond to or otherwise comply with Plaintiff Rosebrock's Privacy Act request.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10.     Plaintiffs reallege paragraphs 1 through 9 as if fully stated herein.

11.     Plaintiffs are being irreparably harmed by Defendant's violation of FOIA, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiffs' request within the time limits set forth in 5 U.S.C. § 552(a)(6).   At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiffs the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiffs that they may appeal any adequately specific, adverse determination.   *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).   Defendant's determination was due or on or about June 5, 2017.

13.     Because Defendant failed to determine whether to comply with Plaintiffs' request within the time period required by FOIA, Plaintiffs are deemed to have exhausted their administrative appeal remedies.   5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II
### (Violation of Privacy Act, 5 U.S.C. § 552a)

14.     Plaintiff Rosebrock realleges paragraphs 1 through 13 as if fully stated herein.

15.     Defendant is unreasonably failing or refusing to comply with Plaintiff Rosebrock's Privacy Act request.

16.     Plaintiff Rosebrock is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff Rosebrock will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiffs' requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the

requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' requests; (4) grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and (5) grant Plaintiffs such other relief as the Court deems just and proper.

Dated:   July 5, 2017

Respectfully submitted,

JUDICIAL WATCH, INC

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiffs*